ORAL ARGUMENT NOT REQUESTED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**RADIO COMMUNICATIONS CORPORATION,**
           **Petitioner**

v.                                                                          Case No. 24-1004

**FEDERAL COMMUNICATIONS COMMISSION, et al.**
           **Respondents**

### Petitioner RCC's Response To FCC Unopposed Motion
### For Extension Of Time To Respond

Petitioner Radio Communications Corporation (RCC), pursuant to F.R.A.P. 27(a)(3)(A) and Circuit Rule 27(f), hereby responds to the Commission's January 26, 2024 Unopposed Motion For An Extension Of Time To Respond To Petitioner's Emergency Motion (Motion).  In response thereto, the following is respectfully submitted:

RCC appreciates the prompt attention the Court and Respondents have given to RCC's Emergency Motion.  RCC fully supports Respondent FCC's request for additional time to attempt to respond to the important statutory and constitutional issues raised in the Emergency Motion, even though there does not appear to be much the Commission may properly argue to the Court.  For the purpose of clarification to avoid the possibility of any future assertion of "waiver," RCC must respond to two issues raised in the Commission's Motion.

First, Commission Motion at 3 asserts that "the Commission thus needs adequate time to prepare a thorough response" to "brief[] the merits of the underlying dispute." FCC 23-112 substantially ignores RCC's information and arguments submitted in MB Docket No. 23-126 and the Commission's forthcoming response to RCC's Emergency Motion is not the proper place for a "thorough" discussion which did not occur in FCC 23-112.  RCC Emergency Motion at 4, 8-9, 11-14 & nn.9-10, 18-30, citing *Motor Vehicle Mfrs. Assoc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Burlington Truck Lines v. United States*, 371 U.S. 156, 168-69 (1962).  The Commission's desire to address "thoroughly" the issues it ignored below once again ignores RCC's arguments and ignores one of the grounds compelling summary reversal.

Second, the Commission's Motion presents new factual information which bears directly upon the timing of RCC's requested emergency relief.  Commission Motion at 3 (notifying the Court that "the challenged application process will not open for at least another 60 days").

RCC's January 23, 2024 Emergency Motion at 9 generally explained the timing of the emergency relief RCC requires in this way:

> Expeditious consideration is required because the Commission announced the imminent commencement of the one-year LPTV license upgrade filing window to change station class from LPTV to Primary Class A with the same license terms as full power TV stations. *Public Notice*, DA 24-26, MB Docket 23-126 (January 10, 2024), Attachment 000087; FCC 23-112 at 3-4 ¶ 7, Attachment 000003-04.  Absent expedited consideration of this Petition, it appears unlikely that RCC would be able to fully litigate this case, come into compliance with full

2

power TV rules, and then timely file a Class A license upgrade application within the LPPA's one year LPTV upgrade application filing window. (Footnote omitted).

At the time RCC filed its Emergency Motion, RCC was unable to specify a precise date for requested emergency Court action, per Circuit Rule 27(f), because there was no public record regarding the status of the Commission's effort to secure necessary OMB information collection approval which will trigger the opening of the statutory one-year LPTV license upgrade filing window. The Commission's January 10, 2024 *Public Notice*, DA 24-26, referenced in RCC's Emergency Motion, generally discusses the one-year LPTV license upgrade filing window opening procedure, including the need to obtain OMB approval, but that *Public Notice* does not provide any specific information regarding the status of the Commission's effort to secure OMB information collection approval.

The Commission's Motion provides relevant clarifying factual information regarding the opening of the LPTV license upgrade filing window and, consequently, RCC can now articulate a precise date for desired Court action on RCC's Emergency Motion. The Commission's Motion at 3 explains that

> On January 25, 2024 [two days after RCC filed its Emergency Motion and fifteen days after RCC filed its Petition For Review], the Office of Management and Budget opened a 60-day public comment period on the challenged Commission rules as part of its mandatory review under the Paperwork Reduction Act of 1995. *See Information Collections Being Reviewed by the Federal Communications Commission*, 89 Fed. Reg. 4946-01 (Jan. 25, 2024). The application window cited by Petitioner cannot open until after OMB's

3

review process has concluded. * * * the challenged application process will not open for at least another 60 days.

Accordingly, based upon factual information contained in the Commission's Motion, the "the imminent commencement of the one-year LPTV license upgrade filing window," RCC Emergency Motion at 9; Commission Motion at 2, could be as soon as the sixty-first day after Federal Register publication noticing the LPPA information collection, i.e., March 26, 2024. Commission Motion at 3 ("the challenged application process will not open for at least another 60 days"). Therefore, RCC seeks Court action on its Emergency Motion no later than March 25, 2024.[1] Circuit Rule 27(f).

---

[1] RCC eagerly awaits filing its Primary Class A license upgrade application to utilize, as soon as possible, the "same license terms" as full power TV stations. RCC Emergency Motion at 2, 5-6, 9-10, 27-29. Accordingly, RCC prefers that the Court issue a final ruling on the entirety of the Emergency Motion no later than March 25, 2024. However, provided that RCC's interests are protected by a stay issued no later than March 25, 2024, maintaining the status quo and precluding 1) displacement of RCC's LPTV license and 2) the opening of the one-year license filing window, later Court action on the merits of the Emergency Motion as justice allows could be appropriate, bearing in mind Congressional intent for prompt action. RCC Emergency Motion at 10.

4

                                                Respectfully submitted,

January 29, 2024                    /S/_____
                                                Timothy E. Welch, Esq.
                                                Attorney for Petitioner
                                                Hill and Welch
                                                1116 Heartfields Drive
                                                Silver Spring, MD 20904
                                                welchlaw@earthlink.net
                                                (202) 321-1448
                                                (301) 622-2864 (FAX)

**Certificate of Compliance**

      I certify that this Petitioner RCC's Response To FCC Unopposed Motion For Extension Of Time To Respond is proportionally spaced using 14 point Times New Roman typeface and, in compliance with the 5,200 response word limit found at F.R.A.P. 27(d)(2)(A), contains 895 words as counted by WordPerfect 2021 Ver. 21.0.0.194. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corporation


January 29, 2024

**Certificate of Digital Submission and Privacy Redactions**

      Petitioner RCC's Response To FCC Unopposed Motion For Extension Of Time To Respond has been scanned for viruses with the most recent version of a commercial virus scanning program (McAfee Antivirus Version 1.1.2569, last updated January 28, 2024) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corporation

January 29, 2024