**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

June 29, 2024

Mark Langer, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Langer:

To ensure a complete record in this review proceeding, the court is referred to the Supreme Court's recent decision in *Loper Bright Enterprises. v. Raimondo*, Nos. 22-451, 22-1219, 2024 U.S. LEXIS 2882 (June 28, 2024). *Loper Bright* overruled *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984). *Chevron* had previously accorded judicial deference to agency legal interpretations of vaguely worded statutes.

RCC's position is that *Chevron* is inapplicable because the Low Power Protection Act (LPPA), Pub. L. 117-344, 136 Stat. 6193 (Jan. 5, 2023), is neither vague nor silent regarding the LPPA's nationwide Class A licensing process or the rights granted to LPTV licensees under the LPPA. *See e.g.*, RCC Main Brief at 19, 24, 29-36, 36-41, 42, 45, 48, 52 (the Commission's LPPA interpretation raises significant constitutional and statutory conflicts and improperly protects NAB's large broadcast clients, who are not even referenced in the LPPA, at the expense of the nominally protected LPTV

1

licensees); RCC Reply Brief at 20-23 (the Commission's requested *Chevron* deference for its LPPA interpretation relies upon alteration of LPPA's text and involves a non-grammatical statutory reading).

FCC Brief at 1 informs the Court that "this case presents a simple question of statutory interpretation: Whether Congress meant what it said in the Low Power Protection Act." FCC Brief at 17 seeks judicial deference under *Chevron* for "the FCC's legal determinations" interpreting the LPPA. While RCC did not consider *Chevron* applicable to this case, given the Supreme Court's *Loper Bright* decision, the Court cannot now entertain the Commission's request for judicial deference regarding the Commission's LPPA interpretation.

Respectfully submitted,

Timothy E. Welch

## Certificate of Compliance

I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 267 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ Timothy E. Welch

Timothy E. Welch
Counsel to Radio Communications Corp.

June 29, 2024

## Certificate of Digital Submission and Privacy Redactions

       Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.413.582.0, last updated June 28, 2024) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

June 29, 2024

## Certificate Of Service

I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530


/S/ _____
Timothy E. Welch
June 29, 2024