Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

July 29, 2024

Mark Langer, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re:  Radio Communications Corp. v. FCC, No. 24-1004
     Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Langer:

To ensure a complete record in this review proceeding, the court is referred to the Fifth Circuit's recent *en banc* decision in *Consumers' Rsch. Cause Based Commerce, Inc. v. FCC*, No. 22-60008, 2024 U.S. App. LEXIS 18241 (CA5 July 24, 2024) which determined that the regulatory delegation of Universal Service Fund (USF) taxing authority to a private entity violated the Constitution as an impermissible delegation of legislative authority per *Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935). The Fifth Circuit determined that the delegation of USF taxing authority to a private entity was impermissible because: 1) "government officials must have final decision-making authority;" and 2) "agencies must actually exercise their authority rather than 'reflexively rubber stamp [work product] prepared by others.'" *Consumers' Rsch. Cause Based Commerce, Inc. v. FCC*, Slip Op. at 41.

RCC's Brief places principal reliance upon *Schechter*. RCC Brief at 2, 42-45; RCC Reply at 13-17. FCC Brief at 34-36 argues that there is no improper delegation of the

Commission's radio licensing authority to Nielsen Media Research because "this Court has long recognized that "a federal agency may use an outside entity, such as a state agency or a private contractor, to provide the agency with factual information."

However, the order on review, FCC 23-112, does not use Nielsen's DMA markets merely for informational purposes, such as collecting public comments in a rulemaking proceeding. FCC 23-112 utilizes Nielsen's DMAs as Disqualifying Regions for the licensing purpose of denying Class A licenses nationwide. That is not mere fact gathering. The Commission plainly used Nielsen's DMAs to establish Class A licensing areas without any analysis and merely "rubber stamped" Nielsen's large DMAs to deny Class A licenses to small broadcasters. FCC 23-112 use of DMAs clearly implicates the Commission's licensing authority. *See e.g.*, RCC Brief at 43, citing RCC Comments at 5, App. 00051 (discussing the Commission's uncritical acceptance of Nielsen's licensing decisions); RCC Reply at 15 n.13 ("In *Schechter* the public could at least see what the improper regulations were. Instantly, Nielsen's operation is the proverbial black box whose contents are viewable only upon subscription.").

Respectfully submitted,

*[signature: Timothy E. Welch]*

Timothy E. Welch

# Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 350 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _Timothy E. Welch_____

    Timothy E. Welch
    Counsel to Radio Communications Corp.

July 29, 2024

**Certificate of Digital Submission and Privacy Redactions**

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.415.378.0, last updated July 29, 2024) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

July 29, 2024

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
    Timothy E. Welch
    July 29, 2024