**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

November 19, 2024

Mark Langer, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Langer:

At oral argument the Commission responded to a Panel inquiry by stating:

FCC: "Class A status does not transform a low power station into a full power, so with certain exceptions not relevant here, low power stations don't have must-carry status. And so the status quo that Congress was dealing with when it enacted the statute was that low power stations, including Class A stations, don't get must-carry rights and there's really nothing in the statute that would indicate to the Commission that Congress had even considered the issue, let alone taken the very significant step of extending must-carry rights to Class A stations."

As undersigned counsel noted in rebuttal, a 2004 amendment to the Satellite Home Viewer Act addressed low power TV, Class A, and must-carry. On December 8, 2004 Congress enacted the "Consolidated Appropriations Act, 2005." Pub. L. 108-447, 118 Stat. 2809. Part of that 2005 Act is the "Satellite Home Viewer Extension and Reauthorization Act of 2004." Pub. L. 108-447, 118 Stat. 3393, 3406, 47 U.S.C. § 338(k)(5), provides in pertinent part:

> **For purposes of this paragraph**, the term 'low power television station' includes a low power television station that has been accorded primary status as a Class A television licensee under section 73.6001(a) of title 47, Code of Federal Regulations. (Emphasis added).

*See also* 47 U.S.C. § 338(a)(3) (satellites are not required to carry low power TV).

Congress long ago determined that Class A stations are considered low power TV stations, ineligible to assert must-carry, ONLY for satellite must-carry and for no other purpose. RCC has never asserted a must-carry right for satellite systems pursuant to any provision of law including 47 C.F.R. § 76.66. RCC has only asserted a must-carry right for cable TV systems under 47 C.F.R. § 76.55. RCC Main Brief at 5, 48-53 ("Class A licenses are not classified as 'low power stations' because 'Class A' specifies a Congressionally created license class which has the 'same license terms' as full-power licenses."). Congress plainly altered Class A status only for satellite must-carry without altering Class A status for cable TV must-carry.

Respectfully submitted,

*Timothy E. Welch*

Timothy E. Welch

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 348 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
    Timothy E. Welch
    Counsel to Radio Communications Corp.

November 19, 2024

# Certificate of Digital Submission and Privacy Redactions

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.421.371.0, last updated November 19, 2024) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

November 19, 2024

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
    Timothy E. Welch
    November 19, 2024