SCANNED PDF FORMAT ATTACHMENTS ARE INCLUDED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ORAL ARGUMENT HEARD NOVEMBER 18, 2024

**RADIO COMMUNICATIONS CORPORATION,**
                   Petitioner

v.                                             Case No. 24-1004

**FEDERAL COMMUNICATIONS COMMISSION,**
                   Respondent

**Petitioner's Motion To Strike FCC November 22, 2024 Response**

_____
_____

On Petition for Review of an Order from the
Federal Communications Commission (FCC 23-112)
Adopting Implementing Rules For The
Low Power Protection Act

_____
_____

**Radio Communications Corporation**
**Timothy E. Welch, Esq.**
**Hill and Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**(202) 321-1448 (cell)**
**(301) 622-2864 (FAX)**
**welchlaw@earthlink.net**
**November 22, 2024**

Petitioner Radio Communications Corporation (RCC), pursuant to F.R.A.P. 27(a),(d)(1),(2), and Circuit Rule 27(a)(2), motions the Court to strike the Federal Communications Commission's November 22, 2024 Response [2086178] regarding Petitioner's November 19, 2024 Rule 28(j) Supplemental Authorities Letter. In support whereof, the following is respectfully submitted:

As recited in undersigned counsel's November 19, 2024 Rule 28(j) Letter, undersigned counsel's 28(j) Letter was prompted by a clear misstatement of the law made by the Commission at oral argument, a misstatement of law which undersigned counsel noted in his rebuttal argument during oral argument. Undersigned counsel followed up the day after oral argument was heard with the subject Rule 28(j) Letter. Undersigned counsel's Rule 28(j) Letter was not prompted by his own statement of the law, but was prompted by the Commission's plainly erroneous statement of the law.

Rather than acknowledging its misstatement of the law, and limiting its presentation to addressing the statutory material, the Commission's November 22, 2024 letter is reasonably construed as an improper motion to strike because it argues that "the Court need not consider Petitioner's letter" in light of what the Commission perceives as various procedural errors in RCC's effort to clear up the Commission's misstatement of the law. RCC will address the Commission's specific procedural concerns below.

**Motion to Strike**

F.R.A.P. 27(a)(1) and Circuit Rule 32(f) require that requests for relief from the Court must be made by motion, not by letter. While Respondent is certainly within its rights to explain its view of the "Satellite Home Viewer Extension and Reauthorization Act of 2004 [SHVERA]," Pub. L. 108-447, 118 Stat. 3393, 3406; 47 U.S.C. § 338(k)(5), in a proper Rule 28(j) response, Rule 28(j) is not an invitation to seek other relief such as striking RCC's 28(j) Letter.[1] The Commission's manner of proceeding unfairly denied RCC the opportunity to rebut the Commission's procedural arguments because the Court's ECF filing system does not allow RCC to file a further response to the Commission's Letter. Therefore, RCC is compelled, and unfairly so, to file the instant motion to strike.

**Response to the FCC's Procedural Arguments**

The gist of the Commission's November 22 Letter is that its misstatement of law, made at oral argument, that "there's really nothing in the statute that would indicate to the Commission that Congress had even considered the issue, let alone taken the very significant step of extending must-carry rights to Class A stations," cannot be challenged. Moreover, the Commission faults RCC for pointing out the

---

[1] F.R.A.P 27(a)(1) provides that "An application for an order or other relief is made by motion unless these rules prescribe another form." Circuit Rule 32(f) provides that "Except as prescribed by FRAP 28(j), parties, other than pro se litigants proceeding in forma pauperis, may not plead by letter."

Commission's plain statutory error to the Court in real time. That seems to be an astounding proposition. The Commission further argues that the statutory material supports the Commission's position, thereby plainly acknowledging the relevance of the information and the fact that the Commission misstated the law to the Court when it informed the Court that Congress had not spoken on the issue. The Commission's real dispute is about how the statutory material should be read, not whether RCC correctly pointed out that the SHVERA material IS relevant to the LPTV, Class A, cable must-carry issues.

The first procedural argument the Commission asserts is that the statutory provision is 20 years old and RCC did not raise it previously. First, it was the Commission that made the sweeping, and plainly incorrect assertion, that "there's really nothing in the statute that would indicate to the Commission that Congress had even considered the issue, let alone taken the very significant step of extending must-carry rights to Class A stations." The Commission's misstatement was made at oral argument and Rule 28(j) plainly provides for submission of legal citations regarding points raised at oral argument. RCC properly corrected the Commission's misstatement at oral argument and, after oral argument, by providing the Court with the specific statutory citation.

Second, as recounted in RCC's 28(j) Letter, "RCC has only asserted a must-carry right for cable TV systems under 47 C.F.R. § 76.55," RCC never asserted

3

a must-carry right under the satellite must-carry rule, 47 C.F.R. § 76.66. 47 C.F.R. § 76.55 is properly worded under the 2004 SHVERA language and no provision of law has precluded Class A from asserting must-carry on cable TV systems "from the moment Congress authorized them in 1999, years after the FCC adopted the § 76.55(c)(1) must-carry services exclusion list in 1993." RCC Main Brief at 5.[2]

The Commission has never addressed the text, or the history, of the § 76.55(c)(1) must-carry exclusion list or explained how a rule which on its face does not exclude Class A from must-carry does, in fact, exclude Class A must-carry. *See* RCC Main Brief at 51-52 (providing a bullet point history of the § 76.55 must-carry rule). The Commission's Letter does not explain why RCC should have argued the 2004 SHVERA language when the Commission failed to address its own cable TV must-carry rule, an issue which RCC clearly raised and which the Commission just as clearly ignored. The Commission's Letter fails to explain why it failed to consider a relevant statute it has known about for "20 years" when it badly misstated the state of must-carry law at oral argument.

---

[2] *See also* RCC Main Brief at 51 n. 20:

The Commission adopted the § 76.55(c)(1) must-carry exclusion list in 1993 and never amended it to exclude Class A stations after Congress created Class A licenses in 1999's CBPA and 2023's LPPA. RCC plainly raised this rule issue, but FCC 23-112 ignored RCC's comments and failed to amend § 76.55(c)(1) to exclude Class A, or the fictitiously monikered "Class A LPTV," license class even after receiving RCC's Comments

4

RCC fulfilled its obligation to inform the Court about a misstatement made at oral argument. RCC's action was entirely appropriate and warranted under the circumstances and certainly not deserving of a rebuke from the party who misstated the law to the Court.

WHEREFORE, because the Commission's Letter is an improper motion to strike, it should be stricken.

Respectfully submitted,

November 22, 2024

/S/ _Timothy E. Welch_
Timothy E. Welch, Esq.
Attorney for Petitioner
Hill and Welch
1116 Heartfields Drive
Silver Spring, MD 20904
welchlaw@earthlink.net
(202) 321-1448
(301) 622-2864 (FAX)

## Certificate of Compliance

      I certify that this Petitioner's Motion To Strike FCC November 22, 2024 Letter Response is proportionally spaced using 14 point Times New Roman typeface and, in compliance with the 5,200 word limit found at Circuit Rule 27(d)(2)(A), contains 1.041 words, excluding those items listed at F.R.A.P. 32(f) and Circuit Rule 32(e)(1), as counted by WordPerfect 2021 Ver. 21.0.0.194.  I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _[signature: Timothy E. Welch]_____
    Timothy E. Welch
    Counsel to Radio Communications Corporation


November 22, 2024

**Certificate of Digital Submission and Privacy Redactions**

      Petitioner's Motion To Strike FCC November 22, 2024 Letter Response and the Attachments have been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.421.429.0, last updated November 22, 2024) and is free of viruses.  In addition, I certify that all required privacy redactions have been made.


/S/_____
    Timothy E. Welch
    Counsel to Radio Communications Corporation


November 22, 2024

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Petitioner's Motion To Strike FCC November 22, 2024 Letter Response by email using the CM/ECF System upon the following:

*Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

*Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, DC 20530-0001


*Courtesy service by undersigned counsel's email.


/S/ _Timothy E. Welch_
    Timothy E. Welch
    November 22, 2024

## Attachments

1) Petitioner's November 19, 2024 Rule 28(j) Letter . . . . . . . . . . . . . . . . . . . . . . . 001
2) Respondent's November 22, 2024 Letter Response . . . . . . . . . . . . . . . . . . . . 003

**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

November 19, 2024

Mark Langer, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Langer:

At oral argument the Commission responded to a Panel inquiry by stating:

FCC:  "Class A status does not transform a low power station into a full power, so with certain exceptions not relevant here, low power stations don't have must-carry status.  And so the status quo that Congress was dealing with when it enacted the statute was that low power stations, including Class A stations, don't get must-carry rights and there's really nothing in the statute that would indicate to the Commission that Congress had even considered the issue, let alone taken the very significant step of extending must-carry rights to Class A stations."

As undersigned counsel noted in rebuttal, a 2004 amendment to the Satellite Home Viewer Act addressed low power TV, Class A, and must-carry.  On December 8, 2004 Congress enacted the "Consolidated Appropriations Act, 2005." Pub. L. 108-447, 118 Stat. 2809.  Part of that 2005 Act is the "Satellite Home Viewer Extension and Reauthorization Act of 2004."  Pub. L. 108-447, 118 Stat. 3393, 3406, 47 U.S.C. § 338(k)(5), provides in pertinent part:

> **For purposes of this paragraph**, the term 'low power television station' includes a low power television station that has been accorded primary status as a Class A television licensee under section 73.6001(a) of title 47, Code of Federal Regulations. (Emphasis added).

*See also* 47 U.S.C. § 338(a)(3) (satellites are not required to carry low power TV).

Congress long ago determined that Class A stations are considered low power TV stations, ineligible to assert must-carry, ONLY for satellite must-carry and for no other purpose. RCC has never asserted a must-carry right for satellite systems pursuant to any provision of law including 47 C.F.R. § 76.66. RCC has only asserted a must-carry right for cable TV systems under 47 C.F.R. § 76.55. RCC Main Brief at 5, 48-53 ("Class A licenses are not classified as 'low power stations' because 'Class A' specifies a Congressionally created license class which has the 'same license terms' as full-power licenses."). Congress plainly altered Class A status only for satellite must-carry without altering Class A status for cable TV must-carry.

Respectfully submitted,

*/s/ Timothy E. Welch*

Timothy E. Welch

2



# Federal Communications Commission
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

November 22, 2024

Mark Langer, Clerk
United States Court of Appeals
  for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:     *Radio Communications Corp. v. FCC*, No. 24-1004

Dear Mr. Langer:

I write to respond to Petitioner's Rule 28(j) letter dated November 19, 2024.

The Court need not consider Petitioner's letter in deciding this case. First, Petitioner cites a statutory provision that is 20 years old, without explaining why it did not raise this provision in its briefs. The letter thus does not present "pertinent and significant authorities [that] c[a]me to a party's attention after the party's brief has been filed—or after oral argument." FRAP 28(j).

In any event, Petitioner's arguments relating to mandatory cable carriage for Class A stations are irrelevant because Petitioner's licensee is not a Class A station and is categorically ineligible to become one. *See* Brief of Respondents at 41. Moreover, Petitioner misreads the statutory provision cited in its letter. The fact that Congress defined Class A stations as low power television stations for purposes of the Satellite Home Viewer Extension and Reauthorization Act of 2004 (Letter at 1–2) does not suggest that Class A stations are equivalent to full power stations in all other contexts, or by extension that Congress granted Class A stations must carry rights in the Low Power Protection Act. If anything, the 2004 statute confirms that Class A stations are a category of low power station, which generally cannot assert must carry rights. *See* Brief of Respondents at 42. The petition for review should be denied.

Respectfully submitted,

/s/ Adam Sorensen
*Counsel*

cc:     All Counsel (via CM/ECF)