**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

January 2, 2025

Mark Langer, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Langer:

To ensure a complete record in this review proceeding, the Court is referred to the Sixth Circuit's decision in *Ohio Telecom Assoc., et al. v. FCC*, No. 24-7000, 2025 U.S. App. LEXIS 11 (CA6 Jan. 2, 2025).

In briefing and at oral argument RCC argued that the ultimate issue for the Court is to determine whether the "best reading" of the Low Power Protection Act (LPPA) is that it promotes nationwide Class A licensing to protect small community LPTV licenses. Or, alternatively, whether ¶ 38 of the Order on Review correctly infers the exact opposite: that Congress enacted the Low Power Protection statute to deny upgrade licenses to Low Power Licensees nationwide to protect full-power broadcasters who are not even referenced in the LPPA, an end which is achievable without any legislation; where the Commission added a size limitation to the statutorily defined term "Designated Market Area," turning one of several expressly listed Licensee manner-of-operating qualification conditions, LPPA Section 2(c)(2)(B), into a nation-wide market disqualification issue; and where that definitional alteration is used to infer a statutory change from § 307(b)'s decades-old, nation-wide broadcast licensing mandate to

1

non-nationwide licensing, without any discussion of § 307(b) in the order on review. RCC Brief at 3, 8-9, 14, 24-36, 37-38; RCC Reply at 1-3, 20-25.

The Sixth Circuit's *Ohio Telecom* decision discusses that the "best reading" of a statute, as required by *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2266 (2024), does not permit the Commission to alter a statutory definition "by adding" to it or to infer the opposite of what the statute provides ("mutually exclusive" definitions). Slip Op. at 3, 13, 24-26.[1] Instantly, the Commission altered the LPPA, which on its face protects Low Power Licensees, to protect full-power licensees who are not even referenced in the statute. RCC Reply at 22 citing *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 967 (CA11 2016) (statutory definitions are "virtually conclusive").

Respectfully submitted,

*/s/ Timothy E. Welch*
Timothy E. Welch

---

[1] Petitioner brought *Loper Bright* to the Court's attention in its June 29, 2024 Supplemental Authorities Letter [2062316]; the Commission did not respond.

2

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 349 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

January 2, 2025

## Certificate of Digital Submission and Privacy Redactions

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.421.1146.0, last updated January 2, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

January 2, 2025

**Certificate Of Service**

     I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
     Timothy E. Welch
     January 2, 2025