Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

January 19, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the
    District of Columbia Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

The Court is referred to its decision in *Rawat v. Commissioner*, 108 F.4th 891 (CADC 2024) (decided after briefing on July 23, 2024).

RCC has always argued that "the 'Designated Market Areas' definition at Section 2(a)(2) of the LPPA does not contain any limitation regarding size and on its face plainly includes all DMAs regardless of the number of TV households" and requires nationwide Class A licensing. RCC Main Brief at 30 n.14 [2061393], *citing* RCC Comments at 10, App. 00056. Moreover,

> The Commission's effort to protect full-service TV stations from low power TV stations is the exact opposite of what Congress directed in the LPPA. The Congress directed the Commission to protect LPTV stations. Congress did not direct the Commission to develop a regulatory environment which sacrifices LPTV stations to protect full-service TV stations . . ..

RCC Main Brief at 21, *citing* RCC Comments at 11-12, App. 00057-58.

1

The Commission has not addressed its alteration of the statutorily defined "DMA" term, adding a DMA size limitation to create nation-wide Class A licensing exclusion zones, something Congress could have achieved without enacting any legislation. "Had Congress intended that reading, it would have written the statutory definition to reflect that." RCC Reply at 22 [2061394] *citing Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 967 (CA11 2016) (statutory definitions are "virtually conclusive"); *see also* RCC's January 2, 2025 Letter [2092363] *citing Ohio Telecom Assoc., et al. v. FCC*, 2025 U.S. App. LEXIS 11 (CA6 Jan. 2, 2025) (the Commission cannot add to statutory definitions nor infer the opposite of what the statute provides).

*Rawat* holds that statutory definitions are "virtually conclusive . . . unless it would be incompatible with Congress' . . . regulatory scheme." (Internal quotes omitted). 108 F.4th at 895. Instantly, the Commission's definitional alteration unlawfully turns the Low Power Protection Act into the Low Power Prevention Act, completely at odds, and incompatible, with Congress' goal of protecting low power TV licenses. RCC Main Brief at 31 ("FCC 23-112's elimination of Class A licenses on a nationwide basis is contrary to the LPPA's expressly stated purposes of protecting LPTV").

Respectfully submitted,

*[signature]*

Timothy E. Welch

## Certificate of Compliance

  I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 350 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

January 19, 2025

**Certificate of Digital Submission and Privacy Redactions**

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.421.1429.0, last updated January 18, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
     Timothy E. Welch
     Counsel to Radio Communications Corp.

January 19, 2025

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _Timothy E. Welch_
    Timothy E. Welch
    January 19, 2025