Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

January 26, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C Circuit
333 Constitution Ave., NW, Room 5205
Washington, DC 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

The Court's Jan. 23, 2025 Order [2096084] defers consideration of Petitioner's Nov. 22, 2024 Motion to Strike [2086462] the FCC's Nov. 22, 2024 Letter [2086178] (copy attached). Should the Court ultimately consider the substance of the FCC's Letter, the Court is referred to its decision in *Rawat v. Commissioner*, 108 F.4th 891 (CADC 2024) (decided after briefing on July 23, 2024). The FCC's Letter states that

> Petitioner misreads the statutory provision cited in its letter. The fact that Congress defined Class A stations as low power television stations for purposes of the Satellite Home Viewer Extension and Reauthorization Act of 2004 (Letter at 1–2) does not suggest that . . . Congress granted Class A stations must carry rights in the Low Power Protection Act. If anything, the 2004 statute confirms that Class A stations are a category of low power station, which generally cannot assert must carry rights.

*Rawat* holds that "a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." 108 F.4th at 898.

1

> The [47 C.F.R.] Section 76.55 must-carry rule adopted in 1993 is substantially unchanged today for purposes of this review proceeding and does not preclude Class A from asserting must-carry. . . . The Commission did not amend the must-carry rule at Section 76.55(c)(1) to include primary "Class A" TV stations as a station class which is precluded from asserting must-carry rights.

RCC Main Brief at 5-8.

The only change to Class A must-carry law since 1993 has been the 2004 amendment to the 2000 SHVIA statute which, on its face, is limited to satellite must-carry. Pursuant to *Rawat*, the Court should infer that the exclusion of similar limiting language regarding Class A must-carry on cable TV systems, coupled with the Commission's failure to amend Section 76.55(c)(1) to add primary Class A to the list of secondary TV classes precluded from asserting must-carry on cable TV systems, is conclusive: primary Class A stations are entitled to assert must-carry on cable TV systems.

Respectfully submitted,

*Timothy E. Welch*

Timothy E. Welch

# Certificate of Compliance

I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 342 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

January 26, 2025

## Certificate of Digital Submission and Privacy Redactions

Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.421.1547.0, last updated January 26, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

January 26, 2025

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
    Timothy E. Welch
    January 26, 2025