Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

March 1, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

The Commission's Brief at 34 n.1 responded to RCC's argument that "the FCC failed to address [RCC's] Commerce Clause comments, and that 'Commission counsel is not allowed to fill this gap in this review proceeding,'" by asserting that "the rule prohibiting *post hoc* rationalization of agency action applies only to issues of 'fact, policy, or agency expertise,' not legal arguments. *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 305 (D.C. Cir. 2015)."

However, at oral argument the Commission responded to a Panel Commerce Clause inquiry by presenting a fact-based argument:

"If we were to respond to [RCC's Commerce Clause] issue, I think that we would say that at a technological level, the allocation of spectrum is an inherently federal issue because the signal contours of even a remote station, can reach beyond state lines and interfere with the operations of a signal in other states."

*Advanced Integrative Med. Sci. Inst., PLLC v. United States DEA*, No. 22-1568, 2025 U.S. App. LEXIS 3365 (CA9 February 13, 2025) holds that

> Agency action is arbitrary and capricious if the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. . . . Courts generally must assess the lawfulness of an agency's action in light of the explanations the agency offered for it rather than any *ex post* rationales. (Internal quotes omitted).

The study of interstate electromagnetic interference is inherently a fact issue directly relating to the Commission's expertise. Nevertheless, the Commission repeatedly failed to respond to RCC's fact-based interstate commerce argument that RCC's spectrum was allocated, and the electromagnetic interference issue was resolved, years ago when the Commission granted RCC's LPTV license. RCC Main Brief at 29 & n.13, 40; RCC Reply at 6-9; Apdx. at 00078, 00081 n.11, 00082-83 & n.12. Electromagnetic interference does not provide a substantial, or any, nexus to interstate commerce supporting FCC 23-112's extremely limited, non-nationwide Class A licensing program.

Respectfully submitted,

*/s/ Timothy E. Welch*

Timothy E. Welch

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 349 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

March 1, 2025

**Certificate of Digital Submission and Privacy Redactions**

   Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.423.174.0, last updated March 1, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____Timothy E. Welch_____
 Timothy E. Welch
 Counsel to Radio Communications Corp.

March 1, 2025

**Certificate Of Service**

  I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
  Timothy E. Welch
  March 1, 2025