Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

March 5, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
    Radio Communications Corp. v. FCC, No. 24-1004
    Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

*Lissack v. Commissioner*, 125 F.4th 245, 254, 257 (D.C. Cir. 2025) instructs that post-*Loper Bright* statutory construction uses the Court's "independent judgment in deciding whether an agency has acted within its statutory authority. . . . We begin, as in any case of statutory interpretation, with the language of the statute."

FCC Brief at 1 acknowledges that "this case [No. 24-1004] presents a simple question of statutory interpretation: Whether Congress meant what it said in the Low Power Protection Act ["LPPA"]." FCC Brief at 8 then recites the LPPA's statutory "Designated Market Area" ["DMA"] definition, acknowledging that definition's lack of a market size limitation. Despite those concessions, FCC Brief at 21-23, and FCC 23-112 ¶¶ 18, 38; App. 00012, 00024, veer off course by taking LPPA Section 2(c)(2)(B)'s "95,000 TV household" subject Licensee manner-of-operating "condition" and attaching it to the "virtually conclusive" DMA definition Congress prescribed.

The Commission's legislative surgery turns "a simple question of statutory interpretation" into a statutory vivisection, creating nationwide Class A licensing exclusion zones for the express, but non-statutory, purpose of protecting larger broadcasters. A fair reading

1

of the Commission's LPPA interpretation is that LPTV licenses are best protected by nationwide Class A license denial, directly contradicting the LPPA's plain LPTV protection purpose and nearly a century of nationwide licensing under 47 U.S.C. § 307(b). *See e.g.*, RCC Main Brief at 3, 10-11, 13-14, 19-23, 26-40, 44; RCC Reply at 2-6 & n.2, 8-9, 20-23.

In *Lissak* the Court confronted a regulatory phrase, "administrative action," which was not statutorily defined, necessitating an intensive search for statutory meaning. 125 F.4th at 257. In contrast, in the Commission's words, "this case presents a simple question of statutory interpretation" because the DMA definition is expressly written into the LPPA. The Commission's effort to rewrite the DMA definition is not "simple statutory interpretation," but statutory rewriting resulting in "an absurd and irrational conclusion: that the purpose of the Low Power Protection Act is to protect full-power TV stations covering 98% of the TV households from competition at the expense of LPTV stations." RCC Main Brief at 27.

Respectfully submitted,

*/s/ Timothy E. Welch*

Timothy E. Welch

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 349 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ *[signature]*
Timothy E. Welch
Counsel to Radio Communications Corp.

March 5, 2025

**Certificate of Digital Submission and Privacy Redactions**

   Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.423.237.0, last updated March 5, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
  Timothy E. Welch
  Counsel to Radio Communications Corp.

March 5, 2025

**Certificate Of Service**

       I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _Timothy E. Welch_
    Timothy E. Welch
    March 5, 2025