IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT


ORAL ARGUMENT HEARD NOVEMBER 18, 2024


RADIO COMMUNICATIONS CORPORATION,
                    Petitioner

v.                                       Case No. 24-1004

FEDERAL COMMUNICATIONS COMMISSION, et al.
                    Respondents


PETITIONER'S REQUEST FOR JUDICIAL NOTICE

_____
_____


On Petition for Review of an Order from the
Federal Communications Commission (FCC 23-112)
Adopting Implementing Rules For The
Low Power Protection Act

_____
_____

Radio Communications Corporation
Timothy E. Welch, Esq.
Hill and Welch
1116 Heartfields Drive
Silver Spring, MD 20904
(202) 321-1448 (cell)
(301) 622-2864 (FAX)
welchlaw@earthlink.net
March 17, 2025

Petitioner Radio Communications Corporation (RCC), pursuant to Fed. R. Evid. 101(a), 201(b)(2),(c)(2),(d), and 1101(a),(b), hereby requests that judicial notice be taken that to date no party has expressed any interest in RCC's pending Class A upgrade application, *See* File No. 0000266875,[1] through the filing of a formal petition to deny using the Commission's LMS database since the Commission published its February 21, 2025 Public Notice, Report No. PN-1-250221-01 at page 4 of 6 (RCC's WETN-LD Class A upgrade application accepted for filing).[2] The Public Notice and the lack of formal petitions to deny are adjudicative facts which are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to the Commission's LMS licensing database, a source of reasonably indisputable accuracy on these matters.

Among those who have not expressed any interest in whether RCC's Class A upgrade application is granted include the National Association of Broadcasters (NAB) which participated in the rulemaking proceeding below, but which failed to comment

---

[1] RCC's Class A upgrade application transformed RCC from a rulemaking participant advocating for a legal rule structure, to an actual applicant with a direct interest in, and who will be damaged by, the Commission's unlawful program designed to protect the Commission's favored large companies.

[2] RCC's Class A upgrade application contains detailed discussions concerning the legal implications associated with grant of that application; RCC's Class A upgrade application substantially summarizes the issues raised in this review proceeding to ensure that there would be official Commission-based public notice of the issues. *See* File No. 0000266875. No party cared enough about any of those factual or legal implications to formally petition against RCC's Class A upgrade application.

upon RCC's rulemaking arguments and which failed to intervene in No. 24-1004 even after RCC invited it to do so. RCC Main Brief at 12 & n.7. Despite NAB's failure to fully engage in the rulemaking proceeding below, FCC 23-112 n.28,[3] App. 00008, FCC 23-112 ¶ 38, App. 00024-25, explicitly protected NAB's disinterested, "full-service" clients by relying upon, and directly quoting from, NAB's anti-competitive comments, notwithstanding the fact that low power TV licensees like RCC, not NAB's unidentified "full-service" suzerain, are the protected parties under the LPPA. RCC Main Brief at 36-37. The Commission does not address the scope of the LPPA rulemaking even though RCC plainly raised the issue below and in No. 24-1004. The Commission's Brief does not even reference NAB, even though FCC 23-112 ¶ 38 explicitly adopted NAB's anti-competitive reasoning as its own.

At oral argument the Commission asserted, for the first time, the factual circumstance that unidentified broadcast and cable interests were entitled to unrequested governmental protection of their purported "very significant . . . must-carry" relationships.[4]

---

[3] Without explanation, the Commission accepted NAB's comments designed to harm low power TV licensees in a rulemaking proceeding which should have been about protecting those low power licensees under the "Low Power Protection Act." NAB's anti-competitive comments, seeking to harm the LPPA's targets while advocating protection for unprotected entities, were plainly beyond the scope of the LPPA rulemaking proceeding.

[4] FCC 23-112 does not discuss this aspect of the Commission's oral argument. FCC 23-112 substantially justified Class A must-carry denial based upon purported Congressional silence, but the LPPA "expressly" instructs the Commission that statutory silence is not grounds to deny Class A protections. RCC Brief at 48-53; RCC Reply at 18-20. Neither the Commission's Brief nor its oral argument identified any statutory authority authorizing it to
(continued...)

2

Even if the Commission could override the LPPA's prohibition against limiting low power TV protections unless "expressly" authorized by the LPPA, LPPA Section 2(c)(3)(A), RCC Main Brief at 2-3, 10-11, 15, 48, 50, the Commission's favored, but anonymous, cable and broadcast interests utterly failed to assert any interest in denying must-carry rights to Class A licensees either by objecting to RCC's Class A upgrade application, or by participating in this judicial review proceeding, or by asserting those interests in the LPPA rulemaking proceeding below. No private financial interest has **ever** asserted in any of those ongoing legal proceedings that cable TV must-carry rights must be denied to Class A licensees.

By sitting on any such perceived rights, the Commission's favored financial interests have waived their opportunity to assert any such claim for protection under the LPPA or otherwise, as remote as any such claims would have been given the LPPA's "express" low power TV protection text.[5] Given the utter failure of those financial interests to assert in No. 24-1004, or in the rulemaking proceeding below, or in the context of RCC's Class A upgrade application, any interest in must-carry, and given the Commission's

---

[4](...continued)
protect the naked, unasserted financial interests of the Commission's favored companies who expressed no interest in must-carry in the rulemaking proceeding below. RCC Reply at 8-9.

[5] The Commission has not disclosed the existence of any communication, public or private, from any broadcast or cable TV interest regarding their desire to deny must-carry rights to Class A TV licensees. FCC 23-112 is utterly silent regarding any ask from broadcast and cable TV interests which might have prompted the protective action the Commission disclosed at oral argument. Accordingly, the reasoning underlying the Commission's unprompted courtroom defense of anonymous broadcast and cable TV interests cannot be known.

utter failure to address those purported interests in either FCC 23-112 or the Commission's Brief in No. 24-1004, consideration of the Commission's desire to protect its favored financial interests is not a proper part of this review proceeding.

On the other hand, for two years RCC has vigorously litigated its position under the LPPA, a statute whose very title cloaks RCC with protection opportunity. RCC Reply at 2 n.2 ("the title of a statute or section can aid in resolving an ambiguity in the legislation's text" citing A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 221 (2012)) (internal quote omitted). Nevertheless, the Commission often failed to make even a minimal effort to address many of RCC's arguments as it has explicitly protected the unexpressed private financial interests of much larger, nonparty, industry participants who waived participation in the several ongoing legal proceedings currently in issue before the Court in No. 24-1004.

Since the time that initial briefing closed on June 12, 2024, RCC has filed a series of Rule 28(j) Supplemental Authority Letters and other post-briefing submissions. With the exception of the Commission's November 22, 2024 Rule 28(j) Response Letter [2086178] which improperly sought to strike RCC's November 19, 2024 28(j) Letter [2085557] (providing the Court with a statutory citation regarding the Commission's clear misstatement of Class A/must-carry law made at the November 18, 2024 oral argument), *see* RCC's pending November 22, 2024 Motion to Strike [2086462], the

4

Commission has not objected or otherwise responded to RCC's post-briefing submissions; RCC's post-briefing submissions stand uncontested.

The Commission's practice for the past two years, since the commencement of the underlying rulemaking, has been to ignore or miscast RCC's substantial factual and legal arguments while championing the financial interests of silent, disinterested, nonparticipating, nonparty large companies. *See e.g.*, RCC Main Brief at 12 & n.7; RCC Reply at 1-13, 20-26; RCC's February 11, 2025 28(j) Letter [2099927] at 1-2 (listing seven significant issues the Commission has ignored). The Commission's actions relating to the rulemaking proceeding do not evince even-handed regulation and reveal that the Commission is not treating RCC fairly as a rulemaking participant or as an applicant for a broadcast license.

Respectfully submitted,

March 17, 2025

/S/ _Timothy E. Welch_
Timothy E. Welch, Esq.
Attorney for Petitioner
Hill and Welch
1116 Heartfields Drive
Silver Spring, MD 20904
welchlaw@earthlink.net
(202) 321-1448
(301) 622-2864 (FAX)

## Certificate of Compliance

      I certify that this Petitioner's Request For Judicial Notice is proportionally spaced using 14 point Times New Roman typeface and, in compliance with the 5,200 word limit found at Circuit Rule 27(d)(2)(A), contains 1,258 words, excluding those items listed at F.R.A.P. 32(f) and Circuit Rule 32(e)(1), as counted by WordPerfect 2021 Ver. 21.0.0.194. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
    Timothy E. Welch
    Counsel to Radio Communications Corporation

March 17, 2025

## Certificate of Digital Submission and Privacy Redactions

       Petitioner's Request For Judicial Notice was scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.425.67.0, last updated March 17, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corporation

March 17, 2025

## Certificate Of Service

       I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Petitioner's Request For Judicial Notice by email using the CM/ECF System upon the following:

*Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

*Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, DC 20530-0001


*Courtesy service by undersigned counsel's email.

/S/ _____
    Timothy E. Welch
    March 17, 2025