**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

March 27, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
　　Radio Communications Corp. v. FCC, No. 24-1004
　　Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

Yesterday the Second Circuit determined that

> if an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is fairly possible, [courts] are obligated to construe the statute to avoid such problems.

*Kapoor v. DeMarco*, No. 22-2806, 2025 U.S. App. LEXIS 6980 (CA2 Mar. 26, 2025) (internal quotes omitted).

Even if the Commission's LPPA interpretation were "an otherwise acceptable construction,"[1] FCC 23-112 raises **three** serious constitutional problems which are

---

[1] *See e.g.*, RCC Main Brief at 13-14, 20-23 ("FCC 23-112 fails to address RCC's comments that Section 307(b) requires that Class A broadcast licenses must be distributed on a nationwide basis"); *Kapoor v. DeMarco*, No. 22-2806, 2025 U.S. App. LEXIS 6980 ("the canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme")

1

easily avoided based upon the express text of LPPA Section 2(a)(2)(B) which allows nationwide Class A licensing under Section 307(b)'s community of license mandate under which every LPTV license was issued) and 47 U.S.C. § 230 and the Commission's Section 74.701(h) local program origination rule. *See* RCC Main Brief at 24-29 (unconstitutional regulation of local economic activity in a 'smattering of rural, local areas' covering less than 2% of the Nation's population without any demonstration of a substantial effect upon interstate commerce"), 42-45 (unconstitutional delegation of governmental licensing authority to a for-profit non-governmental entity), 45-48 (unconstitutional geographic boxing of RCC's programming choices).

Prevailing on a constitutional issue is not required. The purpose of the constitutional avoidance doctrine is to avoid constitutional issues from the outset when another statutory interpretation is reasonably available. *Ariz. All. for Retired Ams. v. Mayes*, 117 F.4th 1165, 1170 (CA9 2024) (the doctrine requires courts to "steer clear of potential constitutional problems").

Respectfully submitted,

*[signature: Timothy E. Welch]*

Timothy E. Welch

---

(internal quote omitted); RCC's March 10, 2025 28(j) Letter [2104613] *citing United States v. Milchin*, No. 24-1484, 128 F.4th 199 (CA3 2025) ("[w]hen a statutory construction render[s] an entire subparagraph meaningless . . . the canon against surplusage applies with special force").

## Certificate of Compliance

I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 344 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

March 27, 2025

## Certificate of Digital Submission and Privacy Redactions

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.425.274.0, last updated March 27, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ *[signature: Timothy E. Welch]*
    Timothy E. Welch
    Counsel to Radio Communications Corp.

March 27, 2025

**Certificate Of Service**

   I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
  Timothy E. Welch
  March 27, 2025