**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

April 25, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
　　Radio Communications Corp. v. FCC, No. 24-1004
　　Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

Judge Mehta's decision in *Phil. Waldrep Evangelistic Ass'n v. SBA*, No. 22-cv-00153 (APM), 2025 U.S. Dist. LEXIS 61016 (D.D.C. Mar. 31, 2025). *Phil. Waldrep Evangelistic Ass'n* holds that

> Two basic precepts of administrative law frame the court's discussion. The first is that an "agency must explain why it decided to act as it did." *Butte Cnty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010). The second is that an agency acts arbitrarily and capriciously when it "refus[es] to consider evidence bearing on the issue before it" or ignores "evidence contradicting its position." *Id.* . . . [The] SBA points to no rule or policy that permitted it to ignore new evidence once it agreed to 'reconsider' its decision on appeal. . . . "[I]t is elementary that an agency must adhere to its own rules and regulations. Ad hoc departures from those rules, even to achieve laudable aims, cannot be sanctioned, for therein lie[s] the seeds of destruction of the orderliness and predictability which are the hallmarks of lawful administrative action." *See Reuters Ltd. v. F.C.C.,* 781 F.2d 946, 950-51, 251 U.S. App. D.C. 93 (D.C. Cir. 1986).

2025 U.S. Dist. LEXIS 61016, 16-17, 18-19.

RCC Main Brief at 48-53 n.21 similarly relies upon *Reuters* because FCC 23-112 completely failed to consider the history of must-carry and the facts that Congress created "primary" Class A stations many years **after** the Commission had adopted Section 76.55(c)(1) which on its face only excludes secondary licensees from the right to assert must-carry, but does not exclude "primary" Class A stations from asserting must-carry. *See also* RCC Reply at 18-20.

The Commission "points to no rule or policy that permitted it to ignore" those critical facts or to ignore its own 30+ year-old must-carry rule. The Commission infers that it is authorized to deny "primary" Class A must-carry from what it mistakenly perceives as the LPPA's "silence" regarding Class A must-carry. RCC Main Brief at 52-53. However, the Commission's inference from literally nothing violates the "elementary" administrative requirement that an agency must follow its own rules.

Respectfully submitted,

Timothy E. Welch

2

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 348 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ *Timothy E. Welch*
    Timothy E. Welch
    Counsel to Radio Communications Corp.

April 25, 2025

**Certificate of Digital Submission and Privacy Redactions**

      Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.427.442.0, last updated April 25, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

April 25, 2025

**Certificate Of Service**

      I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
    Timothy E. Welch
    April 25, 2025