**Hill & Welch**
**1116 Heartfields Drive**
**Silver Spring, MD 20904**
**202-321-1448**
**welchlaw@earthlink.net**

May 14, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
  Radio Communications Corp. v. FCC, No. 24-1004
  Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

After oral argument *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314 (CADC 2024), *cert. pending*, No. 24-904 (filed February 24, 2025) unanimously instructed that "for a delegation of governmental authority to a private entity to be constitutional, the private entity must act only 'as an aid' to an accountable government agency that retains the ultimate authority to 'approve[], disapprove[], or modif[y]' the private entity's actions and decisions on delegated matters." 121 F.4th at 1325.

RCC places principal reliance upon *Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935) because FCC 23-112's nationwide Class A license denial program unlawfully delegated wholly unregulated governmental authority to Nielsen Media Research to create nationwide Class A licensing exclusion zones, cabined only by Nielsen's "profit motive." While "FCC 23-112 touts that Nielsen 'has always told stations the DMAs to which they have been assigned upon request and free of charge,' FCC 23-112 at 21 n.168, App. 00024, [] everyone must subscribe to Nielsen to ascertain the scope of the Commission's Class A licensing system." RCC Main Brief at 42-45; RCC Reply at 13-17. The Commission never asserted that it regulated Nielsen's DMA creation,

1

DMA maintenance, or DMA integrity or explained whether Nielsen offered a smaller DMA product.

The Commission argues that its Class A license denial scheme is permissible because it merely collects Nielsen's market data. FCC Brief at 11. However, the Commission did not collect market data, FCC 23-112 prescribed Nielsen DMAs to establish nationwide Class A licensing exclusion zones. The Commission does not control, process, or even possess Nielsen's market data; the Commission instructed the public to buy Class A licensing information from for-profit Nielsen because the Commission does not have that information. RCC Reply at 15 ("Requiring subscription to a private company to ascertain the law is a novel way for citizens to access Federal regulations").

Unlike the securities regulation at issue in *Alpine*, telecommunications does not have a long history of "self regulation." 121 F.4th at 1337. Unregulated delegation of government authority was a significant problem in *Alpine*, that problem is even more pronounced instantly.

Respectfully submitted,

*Timothy E. Welch*

Timothy E. Welch

2

# Certificate of Compliance

I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 348 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _Timothy E. Welch_
Timothy E. Welch
Counsel to Radio Communications Corp.

May 14, 2025

## Certificate of Digital Submission and Privacy Redactions

  Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.427.792.0, last updated May 14, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ *Timothy E. Welch*
Timothy E. Welch
Counsel to Radio Communications Corp.

May 14, 2025

**Certificate Of Service**

   I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C.  20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
  Timothy E. Welch
  May 14, 2025