Hill & Welch
1116 Heartfields Drive
Silver Spring, MD 20904
202-321-1448
welchlaw@earthlink.net

June 11, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW, Room 5205
Washington, D.C. 20001

Re: ORAL ARGUMENT HEARD November 18, 2024
   Radio Communications Corp. v. FCC, No. 24-1004
   Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority

Dear Mr. Cislak:

Judge Henderson's concurring opinion regarding associational standing in the Court's recent decision in *Voices v. FERC*, Nos. 24-1094, 24-1150, 2025 U.S. App. LEXIS 13875 (CADC June 6, 2025) argues persuasively that "rather than assert their own injuries, these groups rely on associational standing to assert the rights of others" a situation which "is discordant with the basic precepts of Article III—namely, that a party 'must assert his own legal rights' and 'cannot rest his claim to relief on the legal rights of third parties.'" *Voices v. FERC*, 2025 U.S. App. LEXIS 13875 at 58-59 (Henderson concurring) (citations omitted). Judge Henderson was troubled that affidavits of parties claiming injury through the associations did not assert associational membership.

The Commission rejected RCC's beyond the scope of the rulemaking argument; NAB does not represent any LPTV licensee seeking LPPA protection. FCC 23-112 Apdx. 00008 n. 28; RCC Main Brief at 12. NAB lobbies for anonymous broadcasters. Apdx. at 00066 n.1. Armed with that scant evidentiary record, unsupported by affidavit or claim of reasonably certain injury, the Commission "decline[d] to read the LPPA as promoting maximum elevation of LPTV stations to primary status." Instead, the

1

Commission adopted NAB's talking point that "elevating LPTV stations from secondary to primary Class A status comes at the cost of 'effectively block[ing] coverage and service improvements by full-service stations" to justify its nationwide Class A license denial program. FCC 23-112 ¶ 38, Apdx. 00024-25 (quoting directly from NAB's Comments).

NAB is not injured by FCC 23-112, NAB's associational claim of injury is speculative, and NAB's claim is completely unsupported. We don't even know who is behind NAB's claims. The Commission cannot stand in the NAB's shoes to represent the speculative, future injury claims NAB could not raise for anonymous broadcasters. *See* Petitioner's Unopposed 28(j) Letter [2106350], filed March 18, 2025, *citing FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 369 (2024) (holding that alleged "downstream economic injuries" do not support standing when those injuries are speculative and lack support in the record); *Voices v. FERC*, 2025 U.S. App. LEXIS 13875 at 58-59 (Henderson concurring).

Respectfully submitted,

Timothy E. Welch

## Certificate of Compliance

      I certify that Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority is proportionally spaced using 14 point Times New Roman typeface. I certify that this Response contains exactly 348 words as required by F.R.A.P. 28(j) (limiting 28(j) letters to 350 words) including headings, citation strings, footnotes, and quotations, but excluding the items listed in Rule 32(f). I relied upon my word processor, WordPerfect 2021 Version 21.0.0.194, to obtain the word count. I certify that the information on this form is true and correct to the best of my knowledge and belief.

/S/ _____
Timothy E. Welch
Counsel to Radio Communications Corp.

June 11, 2025

**Certificate of Digital Submission and Privacy Redactions**

  Petitioner's Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority has been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Defender Antivirus Version 1.429.483.0, last updated June 11, 2025) and is free of viruses. In addition, I certify that all required privacy redactions have been made.

/S/ _Timothy E. Welch_
  Timothy E. Welch
  Counsel to Radio Communications Corp.

June 11, 2025

**Certificate Of Service**

  I hereby certify that pursuant to F.R.A.P. 25(d) and Circuit Rule 25(f) and 27(a) the Clerk of the Court will serve a copy of the foregoing Rule 28(j), Local Rule 28(f) Citation of Supplemental Authority using the CM/ECF System upon the following:

Adam Sorensen
Sarah E. Citrin
General Counsel's Office
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Robert B. Nicholson
Alice A. Wang
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 3224
Washington, D.C. 20530

Courtesy service through undersigned counsel's email.

/S/ _____
  Timothy E. Welch
  June 11, 2025